## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ELISABETH KIRKHAM**

      **Plaintiff,**

        **v.**

**SOCIÉTÉ AIR FRANCE**
**T/A AIR FRANCE**

      **Defendant.**

**Civil Action No.  03-1083 (JDB)**

## MEMORANDUM AND ORDER

Defendant Société Air France ("Air France") has moved to strike the designation of plaintiff's two expert witnesses or, in the alternative, to compel plaintiff to file expert reports pursuant to Fed. R. Civ. P. 26(a)(2)(B).  Plaintiff contends that the two expert witnesses are her treating physicians and, as such, are not required to provide expert reports.[1]  The Court concludes that the exclusion of expert testimony would not be reasonable in light of the ongoing expert discovery in this case, and the good faith basis for disagreement, and hence only defendant's request to compel the production of expert reports will be considered.

The factual background of this negligence action is set forth more fully in Kirkham v. Société Air France, 429 F.3d 288, 291 (D.C. Cir. 2005).  In relevant part, plaintiff alleges that on or about June 12, 2000, while being guided by an Air France employee through the Orly Airport in France, she was struck in the foot by a person or luggage cart, and spent nine days in the hospital before returning to the United States in a wheelchair.  She has since had several foot surgeries and continues to suffer complications from her injury.  She has designated Dr. Barry P.

---

[1]  Plaintiff originally designated three expert witnesses, but has dropped one.  See Pl.'s Am. Designation of Expert Witnesses (Mar. 22, 2006).

Boden and Dr. Gary Feldman, both orthopedic surgeons who have treated her injuries, as expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A). Dr. Boden has been her treating physician since July 2000. Compl. ¶ 15, 18. The timing of Dr. Feldman's relationship to plaintiff is not presently documented. Each is expected to testify "regarding the diagnosis, prognosis, treatment and injuries, including the pain and suffering and causal relationship, if any, of the Plaintiff's injuries, damages and treatment to this occurrence; the reasonableness and necessity of treatment received by the Plaintiff; and the issue of any permanency and whether it is related to this occurrence." Pl.'s Am. Designation of Expert Witnesses (Mar. 22, 2006).

Rule 26(a)(2) requires a party to disclose the identity of all of its expert witnesses, but requires a written report only "with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The 1993 advisory committee note to Rule 26 reiterates that the requirement of a written expert report "applies only to those experts who are retained or specially employed" to provide expert testimony, and concludes that "a treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." The advisory committee note recognizes the common sense proposition that a treating physician has a relationship with the patient that is typically separate from the case, based on his care and treatment of the patient, and thus he should not be deemed "retained" based solely on that relationship. See Wreath v. United States, 161 F.R.D. 448, 450 (D. Kan. 1995). It also recognizes that a treating physician will, like a fact witness, have personal knowledge based on his care and treatment, and to the extent fact testimony is being provided, it should not be subject to the requirement of a written report. See Sullivan v. Glock,

Inc., 175 F.R.D. 497, 500-501 (D. Md. 1997) (describing treating physician as a "hybrid fact/expert witness").

Although the language of the rule and advisory committee notes would, at first glance, appear straightforward, the applicability of the written report requirement to treating physicians who provide expert testimony is unclear because, in practice, the testimony of treating physicians often departs from its traditional scope -- the physician's personal observations, diagnosis, and treatment of a plaintiff -- and addresses causation and predictions about the permanency of a plaintiff's injuries, matters that cross over into classic expert testimony. See Sowell v. Burlington Northern & Santa Fe Rwy. Co., 2004 WL 2812090, *2-*3 (N.D. Ill. 2004). Thus, there are widely divergent views within the federal courts on whether a treating physician providing expert testimony is required to provide an expert report in advance of testifying under Rule 26(a)(2)(B).  See Garcia v. City of Springfield Police Dep't, 230 F.R.D. 247, 247-49 (D. Mass. 2005) (collecting cases, and concluding that requirement of expert report depends on whether treating physician is specially retained in connection with litigation and whether testimony is based on personal observations from providing care and treatment); Sowell, 2004 WL 2812090, at *2-*3 (collecting cases, and concluding that expert report is always required where treating physician testimony includes opinions on "causation, permanency, and prognosis"); McCloughan v. City of Springfield, 208 F.R.D. 236, 241-42 (C.D. Ill. 2002) (collecting cases, and concluding that expert report is not required where treating physician offers testimony on "causation, diagnosis, and prognosis"); see also Anthony v. Washington Metro. Area Transit Auth., No. 04-622, slip op. at 5 (D.D.C. Apr. 8, 2005) ("without an expert

report, a treating physician may not testify as to issues of causation, foreseeability, prognosis, and permanency") (Kay, M.J.).[2]

The primary area of disagreement among the decisions cited above is whether a treating physician may offer opinion testimony on causation, prognosis, and permanency, even if she bases her opinions solely on the information she obtained from her treatment of plaintiff (and her own expert training).[3]   No federal court of appeals has resolved the issue, although dictum in one

---

[2]   Some of the cases referenced above suggest that a treating physician is not even an expert witness subject to disclosure under Rule 26(a)(2)(A) to the extent his testimony relates to his personal observations through interaction with a plaintiff/patient prior to the litigation.  See McCloughan, 208 F.R.D. at 241 (citing Patel v. Gayes, 984 F.2d 214, 218 (7th Cir. 1993)).  That view has been superceded by the 2000 amendments to Fed. R. Evid. 701 and advisory committee notes which make clear that expert testimony includes opinions based on "'scientific, technical, or other specialized knowledge,' regardless of whether those opinions were formed during the scope of interaction with a party prior to the litigation."  Bell v. Gonzales, 2005 WL 3555490, *12 (D.D.C. 2005).  Plaintiff agrees that the testimony of Dr. Boden and Dr. Feldman is properly characterized as expert testimony.

[3]   There appear to be two schools of thought on this issue.  The "majority" view, as it has been characterized, opines that "[o]pinions as to these matters [causation and prognosis] are encompassed in the ordinary care of a patient," and thus do not subject the treating physician to the report requirement of Rule 26(a)(2)(B).  See, e.g., Shapardon v. West Beach Estates, 172 F.R.D. 415, 416-17 (D. Haw. 1997); see also Martin v. CSX Transp., Inc., 215 F.R.D. 554, 557 (S.D. Ind. 2003);  Riddick v. Washington Hosp. Ctr., 183 F.R.D. 327, 330 (D.D.C. 1998). The contrary view points out that a treating physician's primary function is to provide care and treatment, and determining causation is incidental and typically based on whatever information happens to be reported to the physician:

> [T]hat conclusion [the majority view] fails to consider the difference between an entry on a medical record as to the reported cause of an injury (often based on the plaintiff's self-reporting) and testimony about causation for the purpose of allocating legal liability for an injury.  The plaintiff came to the treating physician for treatment.  Any notes or conclusions made during treatment regarding causation are incidental to that treatment.  In contrast, in a lawsuit, the issue of causation is often a major, if not the major, contested issue in the case . . . .

Sowell, 2004 WL 2812090, at * 4 (emphasis in original); see also Zarecki v. National RR Passenger Corp., 914 F. Supp. 1566, 1573 (N.D. Ill. 1996) (noting that the treating physician's

(continued...)

case suggests that the answer depends on the substance of the treating physician's testimony.  See

Musser v. Gentiva Health Servs., 356 F.3d 751, 758 n.3 (7th Cir. 2004) (declining to decide

whether treating physicians are subject to the report requirement, but observing: "It is clear that

there is some expert testimony in the nature of the treating physician's testimony that does not

require a report.  But some district courts have suggested that if the Rule 26(a)(2)(A) testimony

exceeds the scope of treatment, and ventures into more general expert opinion testimony, a

report may be necessary.") (citations omitted).[4]

　　　Despite the disagreement, there is consensus on a few principles.  First, whether the

expert was "retained or specially employed" in connection with the litigation must be considered,

given the plain language of Rule 26(a)(2)(B).  See, e.g., Garcia, 230 F.R.D. at 249; Sprague v.

Liberty Mutual Ins. Co., 177 F.R.D. 78, 81 (D.N.H. 1998).  "Retained" ordinarily implies some

consideration, a payment or reward of some kind, for services rendered.  Brown v. Best Foods,

169 F.R.D. 385, 388 n.3 (N.D. Ala. 1996).  At the same time, payment alone would not be

dispositive, as professional standards in some areas may permit treating physicians to be

compensated for time spent as a witness or at a deposition.  Id.  Moreover, counsel's

characterization of whether an expert is "retained" for the litigation (rather than for treatment) is

---

[3](...continued)
opinions as to "ultimate causation" were "based on some unspecified body of professional
knowledge," rather than  treatment of the patient or first-hand knowledge of conditions giving
rise to the injury).

　　　[4]　Another court assumed an expert report for such testimony is never required based
solely on the 1993 advisory committee note to Rule 26 and the assumption that a treating
physician's testimony is limited to treatment.  Gomez v. Rivera Rodriguez, 344 F.3d 103, 113
(1st Cir. 2003) (relying on advisory committee note on treating physicians as "illustrat[ing] the
sort of witness who may have specialized knowledge yet need not be considered an expert for
the purpose of submitting a report as part of pretrial discovery," because such testimony is based
on personal observations through "consultation with or treatment of a patient").

not conclusive.  It is entirely possible that a plaintiff may commence a relationship with a physician both for purposes of treatment and to obtain a medical opinion that can be used in litigation.[5]  See Anthony, slip op. at 4-5.  The Court would need to know whether the treating physician developed his relationship with plaintiff -- and his opinions -- close in time to the litigation or at the request of counsel.  Riddick, 183 F.R.D. at 331; Anthony, slip op. at 4.  Indeed, it bears noting that plaintiff's complaint, filed approximately three years after her injury, mentions only Dr. Boden, and makes no reference at all to Dr. Feldman.  Compl. ¶¶ 15, 18 (referencing Dr. Boden as her "treating physician," and further stating that "Ms. Kirkham's right ankle has been under the treatment and care of Dr. Boden, an orthopedic surgeon, from July 2000 to the present").

Second, a treating physician who testifies solely as to information learned from his actual treatment of a patient is not subject to the expert report requirement -- the written report requirement would apply, if at all, only to causation, prognosis, and permanency.  See, e.g., Sowell, 2004 WL at *4 (requiring written report for treating physician's causation testimony, but not for testimony as to "observations, diagnosis or treatment"); Sullivan, 175 F.R.D. at 508 (written report requirement does not apply to causation and prognosis testimony, but only if treating physician's opinion is based on facts "obtained from actual treatment").  Conversely, a treating physician who bases his opinion on the medical records of another physician, not just on his own examination of the patient, is required to prepare an expert report because such review

---

[5]  Thus, plaintiff's conclusory statements that Dr. Boden and Dr. Feldman were not "retained or specially employed to provide expert testimony" or "specially retained for purposes of this litigation" (Pl. Opp. at 1-2), standing alone, are not conclusive.

indicates he is being retained in connection with the litigation.  See, e.g., Riddick, 183 F.R.D. at 331; Wreath, 161 F.R.D. at 450.

Before deciding whether an expert report is required as to causation, prognosis, and permanency of injuries in this case, the Court needs the more detailed information described in the cases above, which is absent from the present record.  This includes, as to each physician:

> • Is he receiving compensation, or does he expect to receive compensation, for time spent preparing for testimony and/or providing testimony?
>
> • When did he commence treatment of plaintiff?
>
> • Has he prepared an opinion at the request of counsel or in connection with this litigation?
>
> • Did he review the medical records of another care provider or information supplied by counsel in order to prepare his opinion?[6]
>
> • Is his opinion based solely on information learned from his actual treatment and care of plaintiff?

This information is necessary to enable the Court to determine whether either expert has been "retained or specially employed to provide expert testimony in the case" as contemplated by Fed. R. Civ. P. 26(a)(2)(B), and thus is required to file an expert report.

For the foregoing reasons, it is hereby

---

[6] Plaintiff's counsel states that the expert testimony "is limited to opinions gained in the actual treatment of Kirkham's injuries," citing plaintiff's expert designation in support of that statement.  Pl. Opp. at 2.  Plaintiff's designation does not contain such a limitation.  In any event, this does not directly address the matter of what information was provided to each physician during the course of treatment.

ORDERED that plaintiff shall submit responses to the foregoing questions by not later than April 20, 2006.

SO ORDERED.


_____
/s/
JOHN D. BATES
United States District Judge

Dated:   April 13, 2006


Copies to:

Athan Theodore Tsimpedes
Law Offices of Athan T. Tsimpedes
1420 New York Ave., NW
Washington, DC 20005
Email: atsimpedes@comcast.net

Lynn Calkins
Holland & Knight LLP
2099 Pennsylvania Avenue, NW
Suite 100
Washington, DC 20006
Email: lcalkins@hklaw.com